IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD TRAYLOR, § | | |
| # 1652441 § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:13-CV-4402-P-BK |
| § | | |
| WILLIAMS STEPHENS, Director § | | |
| TDCJ-CID, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition be summarily dismissed.

**I. BACKGROUND**

On June 15, 2010, Petitioner was convicted of possession of a controlled substance and was sentenced to 25 years' imprisonment. *State v. Traylor*, No. 23,688-A (42nd District Court, Taylor County, 2010), *aff'd*, No. 11-10-00202-CR, 2011 WL 6307835 (Tex. App. -- Eastland, Dec. 15, 2011, pet. ref'd). He unsuccessfully sought state habeas relief. *See Ex Parte Traylor*, No. WR-80,213-01 (Tex. Crim. App. Sep. 25, 2013) (denying state habeas application).[1] On November 1, 2013, Petitioner filed this federal petition. (Doc. 3).

---

[1] The dates listed were verified through information available on the state court Internet web page for Texas Court of Criminal Appeals (TCCA), and the electronic state habeas court record obtained through the TCCA.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). As this federal petition appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period. (Doc. 4, 6).

The one-year period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Subsections (B) through (D) of section 2244(d)(1) are inapplicable here. Petitioner's pleadings, even when liberally construed, allege no state created impediment under subparagraph (B) that prevented timely filing of the claims. Nor does Petitioner base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the grounds for relief became or could have become known prior to the date on which the conviction became final.

Petitioner's conviction became final on August 21, 2012 -- 90 days after the Texas Court of Criminal Appeals refused his petition for discretionary review on May 23, 2012. *See* Sup. Ct. R. 13.1, 13.3; *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003). Therefore, as of August 19, 2013 -- when Petitioner signed and presumably handed his state application to prison officials for mailing -- 362 days of the one-year limitations period had already elapsed. *See Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013) (holding prison mailbox rule applies to state habeas application). The state application remained pending until its denial on September 25, 2013, statutorily tolling the one-year period. *See* 28 U.S.C. § 2244(d)(2) (statutory tolling available during pendency of properly filed state application). Thus, the limitations period resumed

running on September 26, 2013, and expired 3 days later on Sunday September 29, 2013, which was extended to Monday September 30, 2013.  *See* Fed. R. Civ. P. 6(a).

Petitioner asserts that his conviction became final on August 27, 2013, four days after his state application was filed in state court.  (Doc. 3 at 11; Doc. 6 at 1).  However, his contention is unsupported.  The one-year period commences upon the conclusion of direct review of a judgment of conviction, or upon the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).  The running of the limitations period is suspended while state post-conviction proceedings are pending in any state court.  28 U.S.C. § 2244(d)(2).  The United States Court of Appeals for the Fifth Circuit, as well as every other circuit court that has construed section 2244(d), has interpreted it in this way.  Therefore, the federal petition, deemed filed as of October 29, 2013, is time barred absent equitable tolling.[2]

To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted); s*ee also Holland v. Florida*, 560 U.S. 631, ___ 130 S. Ct. 2549, 2560 (2010) (recognizing one-year statutory deadline is subject to equitable tolling in appropriate circumstances).  "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'"  *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

---

[2] In light of Petitioner's *pro se* status and the "mailbox rule," *see* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system), the Court deems the federal petition filed on October 29, 2013, the date Petitioner certified he handed it to prison officials for mailing.  (Doc. 3 at 12).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling.  See [Howland v. Quarterman, 507 F.3d 840, 845-46 (5th Cir. 2007)](#) (summarizing cases).  Petitioner delayed 362 days, almost an entire year, after his conviction was final before applying for state habeas relief.  His lack of diligence did not end there.  Following the denial of that state application, Petitioner waited an additional 27 days before submitting his federal petition.  Petitioner's extended periods of inactivity clearly indicate lack of due diligence.  See [Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000)](#) (habeas petitioner must pursue the habeas "process with diligence and alacrity").  A litigant cannot wait until near a deadline to make a filing, and then seek equitable tolling when something goes wrong.  See [Johnson v. Quarterman, 483 F.3d 278, 287-88 (5th Cir. 2007)](#) (filing on last day and encountering court computer problem that prevented filing lacked due diligence).  Leaving little margin for error, as Petitioner did in this case, is not cautious and, clearly, not diligent.

In addition, Petitioner has provided no explanation for the lengthy delays in his case.  His pleadings are silent about the initial 362-day delay in filing his state habeas application.  (Doc. 3 at 11; Doc. 6 at 1).  While he asserts the "[f]ederal writ of habeas corpus could not be filed until the State's writ had been ruled on" (Doc. 6 at 1), he does not explain why he delayed 27 days following the denial of the state application before submitting his federal petition, which reasserted the grounds pled in the state application.  Unexplained delays do not evince due diligence or rare and extraordinary circumstances.  See [Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999)](#).  "Equity is not intended for those who sleep on their rights." [Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999)](#).  Furthermore, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling.  See [Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000)](#) ("proceeding *pro se* is not a 'rare and exceptional' circumstance

because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Lastly, Petitioner has not shown that any "extraordinary circumstance" prevented the timely filing of his federal petition. *Holland*, 130 S. Ct. at 2562. He appears to refer to unspecified delays possibly "[d]ue to mail time and institutional law library time." (Doc. 3 at 11). However, his conclusory assertion is insufficient to establish any extraordinary circumstance that prevented the timely filing of his federal petition.

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations.

SIGNED January 23, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                  RENEE HARRIS TOLIVER
                                                  UNITED STATES MAGISTRATE JUDGE